THOMAS DIXON, APPELLANT, v. BOONE COUNTY, APPELLEE.

FILED FEBRUARY 28, 1920. No. 20916.

Evidence examined, and held sufficient to sustain the decree of the district court.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. Affirmed.

T. J. Doyle and H. C. Vail, for appellant.

W. J. Donahue, contra.

ALDRICH, J.

Plaintiff, appellant herein, commences this action in equity for damages and to enjoin the defendant from

maintaining a graded road along the southwest quarter and west half of the southeast quarter of section 20, township 20, range 5, in Boone county. Through this land the natural drainage is from north to south. Plaintiff owns 75 acres of flat level land north of this highway.

The county commissioners of Boone county built a public highway on this section line. It was necessary to make an embankment or grade about three feet high. To permit the natural flow of water passing over this level land, three bridges were built. The west bridge was 32 feet in length, and the center and east bridges 16 feet each. The west bridge was over the main channel provided by nature for the water coming from the north and flowing to the south. The court gave plaintiff judgment for $150, because of defendant's failure to keep the channel clear during times of high water, and refused a permanent injunction enjoining the maintaining of the grade across this valley. The surrounding country was comprised of rolling land, and this valley and channel acted as a natural drainage to the adjacent country. At times of heavy snow when the same thawed, this valley would be completely inundated, and the same would be true in time of flood or high water.

When this country was a raw prairie, the water flowed away quickly. This valley as far as the eye can perceive is a dead level, though the fall is about one foot to the mile. This means that naturally in the first stages of a flood the water drains off slowly. After it has reached a certain point, the low places or swales or slight depressions fill with water and stay so for weeks, until the same evaporates or drains off slowly by seepage. When the country was untouched by the plow, swift currents and rushing waters would cut deep channels or ravines much lower than the surrounding surface, and naturally flood waters would drain away. When the soil was farmed, these deep channels would wash full of dirt, grain shocks, fence posts, and other debris. Then the channels were filled. We believe from the record and discussions in

this case that some of the conditions plaintiff complains of existed prior to the construction of this grade. It seems clear that this graded road is a necessity to public needs, and the highway commissioners acted in the line of their duty when they built it. Since this valley and surrounding country are used for farming purposes there are entirely different conditions than when the whole country was a raw prairie.

It appears that this west bridge, which is across the main channel provided by nature as a drainage to this valley, would largely take care of this water if the bridge was properly constructed. The county commissioners should see to it, and it is their duty to keep this natural channel open and unobstructed. The public is entitled to this graded road and these bridges, but the public through its officers and agents should see to it that the owner of this 'land in question has his damages reduced to a minimum or to nothing.

The trial judge heard the witnesses, viewed the natural topography, and we are loath to disturb his finding.

The judgment is

AFFIRMED.

LETTON, J., not sitting.